# NO. 12-09-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE RAY WILSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Willie Ray Wilson appeals his conviction for driving while intoxicated with a child passenger. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

#### BACKGROUND

Appellant pleaded guilty to the offense of driving while intoxicated with a child passenger.[1] Pursuant to a plea agreement, the trial court sentenced Appellant to confinement for two years. The trial court suspended Appellant's sentence and placed him on community supervision for three years. In March 2009, the State filed a motion to revoke Appellant's suspended sentence. In its application, the State alleged that Appellant possessed or used cocaine in violation of the terms of his community supervision. A hearing was held, and Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 49.045 (Vernon Supp. 2009).

refused to enter a plea. The State showed that evidence of cocaine use had been found in a sample of Appellant's urine. The trial court found Appellant to be in violation of the terms of his community supervision, revoked his suspended sentence, and assessed a sentence of confinement for twenty-one months and a fine of five hundred dollars. This appeal followed.

## ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and we *dismiss* this appeal. *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for

discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)